PHILLIP A. TALBERT
Acting United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:16-MC-00080-KJM-AC |
| Plaintiff, | CONSENT JUDGMENT OF FORFEITURE |
| v. | |
| APPROXIMATELY $5,600.00 IN U.S. CURRENCY, | |
| and | |
| APPROXIMATELY $6,740.00 IN U.S. CURRENCY, | |
| Defendants. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1.     On November 11, 2015, the United States Department of Agriculture, Forestry Service ("USDA Forest Service") seized Approximately $5,600.00 in U.S. Currency (the "Rife currency") and Approximately $6,740.00 in U.S. Currency (the "Piccinich currency" and collectively the "defendant currency") during a traffic stop in Trinity County, California.  The defendant currency was referred to the Federal Bureau of Investigation ("FBI") for federal forfeiture.

2.     The FBI commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On or about February 1, 2016, the

/////

FBI received claims from Jamin Rife ("Rife") and Ashley Piccinich ("Piccinich") asserting ownership interest in the defendant currency.

3.     The United States represents that it could show at a forfeiture trial that on November 11, 2015, the USDA Forest Service conducted a traffic stop on a vehicle driven by Rife. The vehicle was also occupied by Piccinich. A law enforcement agent approached the vehicle and noticed the smell of freshly harvested marijuana emanating from the vehicle. The agent asked how much marijuana was in the car, and both occupants said there was a small amount in the trunk. After obtaining consent to search the vehicle, law enforcement agents located a quantity of marijuana in the trunk and scissors commonly used to trim marijuana, and the defendant currency. The Rife currency was located in Rife's purse. The cash was divided in two bundles and placed in envelopes. The Piccinich currency was located Piccinich's purse.

4.     The United States represents that it could further show at a forfeiture trial that Rife and Piccinich were interviewed separately. Rife told law enforcement agents there was approximately six pounds of marijuana in the trunk that she (Rife) and Piccinich were splitting evenly. Rife also said she was carrying about $6,000.00 in cash. Rife indicated that she was self-employed as a nanny and farm hand. She said she had been working on marijuana and vegetable farms.

5.     The United States represents that it could further show at a forfeiture trial that Piccinich also told law enforcement agents that half the marijuana found in the trunk belonged to her. Piccinich acknowledged carrying close to $7,000.00 in cash, which was money she had earned from working real estate and waiting tables in New York.

6.     The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

7.     Without admitting the truth of the factual assertions contained above, Rife and Piccinich specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter agrees that an adequate factual basis exists to support forfeiture of the defendant currency. Rife and Piccinich hereby acknowledge that they are the sole owners of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to

its forfeiture of the defendant currency, Jamin Rife and Ashley Piccinich shall hold harmless and indemnify the United States, as set forth below.

8. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

9. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

10. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of this Consent Judgment of Forfeiture, $3,600.00 of the Approximately $5,600.00 in U.S. Currency and $4,740.00 of the Approximately $6,740.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

3. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $2,000.00 of the Approximately $5,600.00 in U.S. Currency shall be returned to Jamin Rife and $2,000.00 of the Approximately $6,740.00 in U.S. Currency shall be returned to claimant Ashley Piccinich through their attorney Michael Stepanian.

4. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Claimants waived the provisions of California Civil Code § 1542.

/////

/////

5. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6. All parties will bear their own costs and attorney's fees.

7. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED

DATED: June 24, 2016.

_____
UNITED STATES DISTRICT JUDGE